UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23212-CIV-SEITZ/O'SULLIVAN

LEONARDO BAQUERO AND
YSBETH BAQUERO,

    Plaintiffs,

v.

J.P. MORGAN CHASE BANK, N.A.,

    Defendant.

_____/

## ORDER

    THIS MATTER is before the Court on JP Morgan's Motion for Award of Reasonable Attorney's Fees and Supporting Memorandum of Law (DE# 31, 1/25/11). This matter was referred to the undersigned by the Honorable Patricia A. Seitz in accordance with 28 U.S.C. § 636(b). (DE# 33, 1/26/11). Having reviewed the motion, the response, and the reply, the undersigned finds that the defendant is entitled to an award of reasonable attorney's fees.

    Where, as here, the plaintiffs voluntarily dismiss an action, the defendant is the prevailing party when there is an end to the litigation without a determination on the merits. Thornber v. City of Ft. Walton Beach, 568 So. 2d 914, 919 (Fla. 1990). In this action, the plaintiffs declined to file an amended complaint for breach of contract after the Court dismissed with prejudice the plaintiffs' tort claims in the complaint. Under Florida law, "each party is responsible for its own attorney's fees unless a contract or statute provides otherwise...." Price v. Tyler, 890 So. 2d 246, 251 (Fla. 2004). The

prevailing party may be awarded attorney's fees pursuant to a contract. Id. at 250. The plaintiffs' reliance on McGregor v. Board of Commissioners of Palm Beach County, 956 F.2d 1017 (11th Cir. 1992) and Thompson v. Relationserve Media, Inc., 610 F.3d 628 (11th Cir. 2010) is misplaced. Both decisions dealt with attorneys' fees as sanctions under Rule 11. Here, the parties' deposit agreement authorizes an award of reasonable attorney's fees. The parties' deposit agreement, contained a fee provision that provided:

> Legal Proceedings and Expenses:
>     We may restrict the use of your Account if the Account is involved in any legal proceeding or if we reasonably deem such action necessary to avoid a loss. All expenses incurred by us as a result of any legal proceeding affecting your Account, including, but not limited to, court costs and attorney fees, may be charged against your Account or billed to you separately.

Parties' deposit agreement (DE# 32-1, 1/25/11).

The undersigned finds that the contractual provision is not ambiguous and clearly provides for fees incurred in any legal proceeding affecting the plaintiffs' bank account. The fact that the bank account was closed does not negate the applicability of the fee provision. See Tulk v. U.S. Bank, 2008 WL 1823035 (Wash. App. Div. 2008) (unpublished). This action affected the plaintiffs' account and thus, the fee provision applies.

The undersigned will recommend in a report and recommendation that: 1) that the Court grant the defendant JP Morgan's Motion for Award of Reasonable Attorney's Fees and Supporting Memorandum of Law (DE# 31, 1/25/11); and 2) that the Court adopt the amount of reasonable attorney's fees as analyzed by the undersigned in the report and recommendation. It is further

ORDERED AND ADJUDGED that the briefing schedule pursuant to this Court's Local Rule 7.3 is shortened as follows: the defendant shall serve its draft motion compliant with Local Rule 7.3(a)(1)-(8) by **April 14, 2011**; the parties shall confer and attempt in good faith to agree on entitlement to and the amount of fees and nontaxable expenses by **April 25, 2011**; the defendant shall file and serve its motion for fees by **May 2, 2011**; and the plaintiff shall file its response by **May 12, 2011**.

DONE AND ORDERED in Miami, Florida this <u>4th</u> day of April, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Seitz
All Counsel of Record